UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| RONALD E. DICKEY, JR., | ) | Case No. 08-48409-659 |
| | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | PUBLISHED |

### ORDER

The matter before the Court is Debtor's Amended Objection to Claim #2 which objects to Amended Claim #2 filed by Nancy Quackenbush in the amount of $10,670.50 [sic], unsecured. A hearing was held on this matter on April 30, 2009, at which Debtor appeared by counsel and Nancy Quackenbush appeared in person. Upon consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

Debtor Ronald Dickey, Jr. (hereinafter "Debtor") filed for relief under Chapter 13 of the Bankruptcy Code on October 24, 2008. On November 4, 2008, Nancy Quackenbush (hereinafter "Claimant") filed Claim #2 in the amount of $10,000.00 for legal services performed. On February 19, 2009, Debtor filed Debtor's Objection to Claim #2 filed by Nancy Quackenbush in the amount of $10,000.00, unsecured. On March 2, 2009, Claimant filed Amended Claim #2 in the amount of $10,760.50 for legal services performed. Attached to Amended Claim #2 is a Summary of Documents Supporting the Amended Claim of Nancy Quackenbush, along with the following documents; 1) Lawyer-Client Fee Agreement (hereinafter "Fee Agreement") between Claimant, as lawyer, and Linda Dickey and Debtor, as client; 2) Fee Bill dated July 5, 2008 (which shows time billed from May 13, 2008 to June 30, 2008 in the amount of $5,340.00 including $1,760.00 of waived time, a past due balance of $1,425.50 for a total due of $6,760.50 and then shows the waived time added back in by hand-written notations with a hand-written total due of $8,520.50); 3) Fee Bill Final (which shows a past due balance of $8,520.50 along

with time billed from July 1, 2008 to September 16, 2008 for amount due of $13,860.50 less $3,100.00 received, showing a total due of $10,760.50); 4) Letter dated August 27, 2008 (hereinafter "August 27, 2008 Letter") from Claimant to Debtor and Debtor's parents Ron and Linda Dickey stating that Claimant's fee bill is enclosed and that "this final bill is for $9,378.50, you can see, at a glance, that I waived about 16 hours of time; a savings of $3,200.  I certainly hope with your recent land transactions that I can expect payment in full within the next two weeks[]", Amended Claim #2, p.12; 5) Letter dated August 28, 2008  (hereinafter "August 28, 2008 Letter") from Claimant to Debtor and Debtor's parents Ron and Linda Dickey, which confirms Claimant's telephone conversation with Linda Dickey, in which it was indicated that $3,000 would be paid that week with payment of $400 per month until November 30, 2008, when the balance of the fee would be paid; and 6) Letter dated October 7, 2008 (hereinafter "October 7, 2008 Letter") from Claimant to Debtor only, which indicates that the waived fees were being added back into the bill.  Upon review of the attachments to Amended Claim #2, it is noteworthy that the attachment identified as Fee Bill Final includes time billed after August 27, 2008, so that this Fee Bill Final could not be the bill that is referenced in the August 27, 2008 Letter, although the August 27, 2008 Letter made reference to a "final bill".  Debtor filed Amended Objection to Claim #2 filed by Nancy Quackenbush in the amount of $10,670.50, unsecured (hereinafter "Amended Objection") on March 11, 2009.  The Amended Objection was set for hearing on April 9, 2009 at which time Debtor appeared by counsel and Claimant appeared in person and both presented oral argument.

In March 2008, Debtor and Linda Dickey retained the legal services of Claimant for defense of a grandparent visitation rights claim.  It appears that in August of 2008, Claimant had completed her legal representation, as evidenced by the August 27, 2008 Letter from Claimant, which references the "final bill". In the August 27, 2008 Letter, Claimant informed Debtor that she waived a total of $3,200 in fees, and that Debtor's final bill was $9,378.50.  Debtor

2

eventually remitted $3,100 toward said payment and claims that he should now have an outstanding balance of $6,278.50.

In the October 7, 2008 Letter, Claimant wrote to Debtor informing him that she was no longer going to waive the fees she had previously waived. Claimant's position is that an oral agreement was made between Debtor and herself, whereby the purpose of waiving fees was to obtain prompt payment. Since Claimant did not receive prompt payment, her position is that the fees originally waived should be reinstated. Claimant's calculation of the final bill is $13,860.50 less the $3,100, which Debtor had paid, bringing the total amount claimed due to $10,760.50. This final calculation includes not only the waived time, but also time billed in September of 2008, which would have been after Claimant sent the August 27, 2008 Letter, which referenced the final bill. The Court weighs each argument and reaches a conclusion below.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157 and 1334 (2008) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) (2008), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409(a) (2008).

## CONCLUSIONS OF LAW

The issue is whether Claimant can charge Debtor for legal fees initially waived because of an alleged oral agreement that the waived fees were contingent on prompt payment of the fees. In the August 28, 2008 Letter from Claimant to Debtor, there is no reference to an agreement between the parties that the fees were waived only if payment was promptly made. The expectations of Claimant seems very clear in the letter, where she explicitly states that she "hope[s]" she can expect full payment within two weeks. If Claimant's purpose of waiving fees

3

was to obtain prompt payment, it was certainly not indicated in the August 27, 2008 Letter to Debtor.

In the October 7, 2008 Letter from Claimant to Debtor, Claimant stated that she is no longer waiving the fees because no one had paid or contacted her as agreed. Counsel for Debtor denies that an agreement regarding the waived fees ever took place. An alleged oral agreement between the parties is the main dispute. Without an agreement between the parties, it would most certainly be unjust to permit an attorney to renege on previously waived fees.

In Claimant's Fee Agreement there is no specific reference to a procedure for waiving fees. Provision 13 of the Fee Agreement, entitled "Modification by Subsequent Agreement" states the following: "This agreement may be modified by subsequent Agreement of the parties only by an instrument **in writing signed by both of them** or an **oral agreement only to the extent that the parties carry it out**." (emphasis added). Fee Agreement, p. 6 of Amended Claim #2 ¶13. The language clearly states that an oral agreement is only as good as it is acted upon by both parties. Here, Debtor denies that an agreement took place, and his actions do not indicate that an oral agreement was reached regarding Claimant's purpose of the waived fees. Plainly stated, since Debtor did not "carry out" the oral promise that is alleged by Claimant, it cannot be binding on the parties pursuant to Claimant's own Fee Agreement.

There was nothing in writing signed by both Debtor and Claimant modifying the Fee Agreement, and because there was no oral agreement carried out by both parties, it cannot be said that such an agreement existed. Thus, the waived fees will not be included in Amended Claim #2, thereby leaving an outstanding balance to $6,278.50 due to Claimant. Therefore,

**IT IS ORDERED THAT** Debtor's Amended Objection to Claim #2 filed by Nancy Quackenbush in the amount of $10,670.50 [sic], unsecured is SUSTAINED, and Amended Claim #2 is allowed in the amount of $6,278.50.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: September 16, 2009
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO 63102

Marie Guerrier Allen
11500 Olive Blvd., Ste. 128
Creve Coeur, MO 63141

Nancy Quackenbush
Nancy Quackenbush, Attorney at Law
13321 North Outer 40 - Suite 300
Chesterfield, MO 63017

Ronald E. Dickey, Jr
1632 Lonedell
Arnold, MO 63010

John V. LaBarge, Jr
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

Nancy Quackenbush
410 Sovereign Court - Suite 9
Ballwin, MO 63011